GP:MPR
F. #2015R00471/OCDETF # NYNYE-777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

[redacted]

JUAN NICOLAS HINDU ROBLES,
also known as "Hindu" and "Nick,"

[redacted]

Defendants.

- - - - - - - - - - - - X

SUPERSEDING INDICTMENT

Cr. No. 15-CR-208 (S-1) (SLT)
(T. 18, U.S.C., §§ 3238 and 3551 et seq.; T. 21, U.S.C., §§ 848(a), 848(c), 853(a), 853(p), 959(c), 960(b)(1)(G), 960(b)(1)(H), 960(b)(2)(B)(ii) and 963)

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. The [redacted] Drug Trafficking Organization (the "[redacted] DTO") was a marijuana, methamphetamine and cocaine trafficking organization based in Guadalajara, Mexico.

2. The defendant [redacted], [redacted] was a principal leader of the [redacted] DTO.

3. The [redacted] DTO was involved in the transportation of multi-ton quantities of marijuana, multi-kilogram quantities of methamphetamine and multi-kilogram quantities of cocaine from Mexico into the United States. The [redacted] DTO coordinated the production, purchase and transfer of marijuana, methamphetamine and cocaine. The vast majority of drugs trafficked by the [redacted] DTO were ultimately imported into the United States.

4. The [redacted] DTO also employed "sicarios," or hitmen, who carried out various acts of violence, including kidnapping and murder. The [redacted] DTO used these acts of violence to collect debts and to promote and enhance the prestige, reputation and position of the organization.

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

COUNT TWO
(International Marijuana Distribution Conspiracy)

14. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between January 1980 and March 2015, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant [redacted] and JUAN NICOLAS HINDU ROBLES, also known as "Hindu" and "Nick," together with others, did knowingly and intentionally conspire to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of marijuana involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably

foreseeable to them, was at least 1,000 kilograms or more of a substance containing marijuana.

(Title 21, United States Code, Sections 959(c), 960(b)(1)(G) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO AND THREE

20. The United States hereby gives notice to the defendants charged in Counts Two through Four that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit (1) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offenses, (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

Robert Hoffman

FOREPERSON

Kelly T. Currie

KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK